United States District Court
District of Massachusetts

|  |  |
|---|---|
| Webert Alvarenga Pena,  )<br>  )<br>     Petitioner,  )<br>  )<br>     v.  )<br>  )<br>Patricia Hyde, et al.,  )<br>  )<br>     Respondents.  )<br>  ) | Civil Action No.<br>25-11983-NMG |

MEMORANDUM & ORDER

GORTON, J.

Petitioner, Webert Alvarenga Pena ("petitioner"), has filed a petition for habeas corpus alleging that he is unlawfully being detained by Immigration and Customs Enforcement ("ICE"). Respondents, Patricia Hyde, New England Field Office Director for ICE, and others (collectively, "respondents") oppose that petition. For the reasons below, the petition will be denied.

I. **Background**

Petitioner is a Brazilian national who entered the country illegally in 2005. He was subsequently placed in removal proceedings and ordered removed from the country but those proceedings were allegedly terminated in May, 2024.

On July 11, 2025, ICE arrested petitioner following a traffic stop and detained him in Plymouth, Massachusetts. Petitioner contends that his continued detention is unlawful and suggests that he is the beneficiary of an approved I-130

- 1 -

Petition for Alien Relative, based upon his wife's status as a citizen. He now seeks a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on the grounds that his due process rights have been violated and seeks an order for his release.

## II. Legal Standard

Section 2241 confers jurisdiction on this Court to order the release of any person who is being held in the custody of the United States in violation of the "laws . . . of the United States" or the United States Constitution. 28 U.S.C. §2241(c). The burden rests on the person in custody to prove that his detention is unlawful. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009)(citing Walker v. Johnston, 312 U.S. 275, 286 (1941)).

## III. Analysis

### A. Statutory Authority for Detention

The authority of ICE to detain aliens who are present in the country unlawfully derives from 8 U.S.C. §1225. That statute authorizes the detention of any alien who 1) is "an applicant for admission" to the country and 2) is "not clearly and beyond doubt entitled to be admitted." Id. §1225(b)(2)(A). An alien is an "applicant for admission" if he has arrived to or is present in the country but has not yet been lawfully granted admission. Id. §§1225(a)(1); see 8 U.S.C. §1101(a)(13)(A).

In this case, petitioner suggests that he is entitled to remain in the country because the I-130 petition filed on his

behalf has been approved. Such a petition permits an individual who is a United States citizen to apply for a relative who is a non-citizen, including a lawful spouse, to remain in the county. See 8 U.S.C. §§1151(b)(2)(A)(i), 1154(a)(1)(A)(i); 8 C.F.R. §204.1(a)(1). If the petition is approved, the non-citizen may apply to adjust his immigration status to "lawful permanent resident". See 8 U.S.C. §1255(a).

An approved I-130 petition is not, however, a visa and, as the approval form submitted by petitioner corroborates, the approval of I-130 petition does not endow petitioner with "any [lawful] immigration status." See Firstland Int'l, Inc. v. INS, 377 F.3d 127, 132 n.6 (2d Cir. 2004) ("[The] approval of a . . . visa petition does not, by itself, entitle an alien to permanent resident status . . . ."); Tongatapu Woodcraft Haw., Ltd. v. Feldman, 736 F.2d 1305, 1308 (9th Cir. 1984) (similar). In the absence of any such lawful status, petitioner thus remains an applicant for admission, notwithstanding the approval of his I-130 petition. See Saldivar v. Sessions, 877 F.3d 812, 818 n.7 (9th Cir. 2017) ("[A]n alien who was never otherwise admitted could not be considered admitted in any status when his I-130 visa petition was approved."); United States v. Hernandez-Garcia, 68 F. App'x 68, 69 (9th Cir. 2003) (similar).

Because petitioner remains an applicant for admission, his detention is authorized so long as he is "not clearly and beyond

doubt entitled to be admitted" to the United States. 8 U.S.C. §1225(b)(2)(A). Petitioner portends no such entitlement. To the contrary, the I-130 approval form that petitioner submitted corroborates that the approval of his I-130 petition does not guarantee that he "will subsequently be found . . . eligible for a visa" and thus does not automatically entitle him to adjust his status to that of a lawful permanent resident. See Tongatapu Woodcraft Haw., Ltd., 736 F.2d at 1308 (recognizing that the approval of an I-130 petition "does not guarantee that a visa will be issued"); see also Sokoli v. Holder, 458 F. App'x 493, 497 (6th Cir. 2012) ("[An alien] is not entitled to an adjustment of status based solely upon the approved I-130."); Agyeman v. INS, 296 F.3d 871, 879 (9th Cir. 2002) (similar).

Petitioner's continued detention is therefore authorized by §1225(b)(2)(A) and, according to that statute, such detention is mandatory, regardless of whether the alien has been placed in full or expedited removal proceedings. See Jennings v. Rodriguez, 583 U.S. 281 (2018) ("[Section] 1225(b)(2) . . . mandates[s] detention of aliens throughout the completion of applicable proceedings . . . ."); see also 8 U.S.C. §1225(b) (indicating that aliens "shall be detained," including during the pendency of removal proceedings under 8 U.S.C. §1229a).

That conclusion is consistent with decisions of other federal courts which have denied petitions for writs of habeas

corpus even where the alien petitioner was the beneficiary of an approved I-130 petition. See, e.g., Jatta v. Clark, No. C19-2086-BJR-MAT, 2020 WL 7700226, at *13 (W.D. Wash. July 17, 2020) (dismissing habeas petition where the petitioner had "not shown he has a legal right to remain in the United States pending adjudication of . . . his status based on the approved I-130 petition"), report and recommendation adopted in part, No. C19-2086-MJP-MAT, 2020 WL 7138006 (W.D. Wash. Dec. 5, 2020); Dugdale v. U.S. Customs & Border Prot., 88 F. Supp. 3d 1, 6 (D.D.C. 2015) (similar). This Court will rule accordingly.

### B. Constitutional Implications of Detention

Petitioner further suggests that his continued detention contravenes his right to due process of law. Under the Fifth Amendment, applicants for admission who, like petitioner, remain in the country illegally are entitled to due process rights. Wong Wing v. United States, 163 U.S. 228, 238 (1896). Based upon the inherent authority of the United States to expel aliens, however, applicants for admission are entitled only to those rights and protections Congress set forth by statute. Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953). The due process clause requires "nothing more." Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 140 (2020); see id. at 131 ("[T]he decisions of executive . . . acting within powers expressly conferred by Congress[] are due process.").

The due process clause likewise prohibits the unduly prolonged detention of an alien. Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Some period of detention is constitutionally valid, however, Demore v. Kim, 538 U.S. 510, 511 (2003), and an alien's detention presumptively comports with due process rights if it does not exceed six months, Zadvydas, 533 U.S. at 701.

In this case, petitioner's detention is both authorized and required by a duly enacted federal statute, as articulated above, see 8 U.S.C. §1225(b)(2)(A), and this Court is likewise without jurisdiction to review the decision to initiate his removal in the first instance, see Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 485 n.9 (1999). His detention status thus comports with due process. See Mezei, 345 U.S. at 212; Knauff, 338 U.S. at 543; Thuraissigiam, 591 U.S. at 140; see also Amanullah v. Nelson, 811 F.2d 1, 9 (1st Cir. 1987) (holding that the detention of an alien seeking admission to the United States does not violate the due process clause).

As for the length of his detention, petitioner has been detained, at this point, for only 17 days, far short of the six-month period that is presumptively constitutional. See Zadvydas, 533 U.S. at 690. Courts have routinely upheld longer periods of detention. See, e.g., Reid v. Donelan, 17 F.4th 1, 12 (1st Cir. 2021). Petitioner has thus failed to allege any plausible due process violation and his petition will therefore be denied.

ORDER

For the foregoing reasons:

1) the petition for habeas corpus of petitioner, Webert Alvarenga Pena, (Docket No. 1) is **DENIED**; and

2) this case is **DISMISSED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: July 28, 2025